45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY, LOCATED AT 5091 TOULOUSE DR., LA PALMA,
CALIFORNIA, Defendant,
Tom Valadez, Claimant-Appellant.
 No. 93-55974.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1994.*
Decided Dec. 22, 1994.
 
 Before: FLETCHER, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tom Valadez pled guilty to possession of marijuana for sale in violation of Cal.Health & Safety Code Sec. 11359 on July 10, 1992. Three days later, the United States instituted a forfeiture action against Valadez's home at 5091 Toulouse Drive, La Palma, California. The district court entered summary judgment in favor of the government. Valadez appeals, arguing that he raised a genuine issue of material fact concerning whether he was an innocent owner of the 5091 Toulouse Drive property within the meaning of 21 U.S.C. Sec. 881(a)(7). We agree with the district court that no triable issue precludes summary adjudication on the merits. However, Valadez also asks us to remand so that the district court may determine whether forfeiture of the house violates the Excessive Fines clause of the Eighth Amendment in view of Austin v. United States, 125 L.Ed.2d 488 (1993). The government does not object to remand on this issue. Therefore we vacate the judgment and remand for the district court to consider the forfeiture in light of Austin.
 
 
 3
 * Relying principally on United States v. 1 Parcel of Real Property, Lot 4, Block 5 of Eaton Acres, 904 F.2d 487 (9th Cir.1990), Valadez contends that his own declaration, which indicates that he didn't know the marijuana or paraphernalia were in his house and hadn't consented to their presence, precludes summary judgment. We disagree.
 
 
 4
 Summary judgment is properly entered "against the party who fails to make a showing sufficient to establish the existence of an element necessary to that party's case, and on which that party will bear the burden at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Valadez has the burden of establishing that his house was used for selling marijuana without his knowledge or consent. United States v. 1980 Red Ferrari, 827 F.2d 477, 478 (9th Cir.1987). He has failed to carry this burden.
 
 
 5
 Valadez's declaration cannot controvert what his guilty plea admits: that Valadez knowingly possessed marijuana, for sale, on February 21, 1992. Cal.Health & Safety Code Sec. 11359; People v. De La Torre, 73 Cal.Rptr. 704 (Cal.Ct.App.1968). While the guilty plea does not indicate that Valadez's possession of marijuana for sale was at his house, he offers no evidence of any other possibility. This case is therefore unlike Eaton Acres, where the claimant's conviction was for a drug offense that occurred at a different place from the property the government sought to forfeit and the claimant testified that he stored (and presumably sold) drugs from his car, not his home. Here, the declaration of the officer who conducted the search states that the items were seized at Valadez's house, which is the property whose forfeiture is sought. There is no contrary evidence, save for Valadez's conclusory assertion that he did not know his house was being used to sell marijuana. This assertion is belied by Valadez's guilty plea and the undisputed fact that the marijuana found by police at 5091 Toulouse was the marijuana for which Valadez was arrested and convicted. Indeed, in his declaration of March 26, 1993, filed in support of his opposition to summary judgment, Valadez admitted that the marijuana found in his house was the same marijuana that was the foundation for the offense to which he pled guilty. The only reasonable logical inference from these facts is that Valadez knew his house was being used to sell marijuana.
 
 
 6
 Likewise, Valadez produced no evidence that the property which the government seeks to have forfeited is legally distinct from the property upon which the crime took place. United States v. Real Property Located at Section 18, 976 F.2d 515, 518 (9th Cir.1992) (guilty plea to drug charge does not preclude claimant from contesting forfeiture by claiming property sought by government and property on which drug activity took place are distinct parcels), is therefore distinguishable.
 
 
 7
 Because the only physical evidence supporting Valadez's conviction for possessing marijuana was the marijuana in his house, he admits that his conviction was for possessing that marijuana for sale, and there is no evidence that he possessed any other marijuana in any other place, no reasonable or logical inference can be drawn that his house was not used to facilitate the offense. The district court accordingly did not err in determining that no triable issue exists.
 
 II
 
 8
 Valadez contends that he pled guilty to spare his son, but only after he was told that his home would not be subject to forfeiture. For this reason, he argues, his guilty plea is too unreliable for collateral estoppel because he was motivated not to litigate whether his house was used for the offense. The government counters that a conviction on related charges collaterally estops a claimant from raising the innocent owner defense in a civil forfeiture action. However, judgment in the government's favor does not depend on Valadez's being collaterally estopped to contest the connection between his illegal use of drugs and his house. Summary adjudication is appropriate on that point because the government's evidence that the marijuana involved was the marijuana at his house is uncontroverted.
 
 III
 
 9
 As the district court decided this case prior to the Supreme Court's opinion in Austin v. United States, 125 L.Ed.2d 488 (1992), which held that a forfeiture under Sec. 881(a)(7) was in part "punishment" that might violate the Eighth Amendment, both parties agree that we should remand for the district court to determine whether forfeiture of Valadez's house violates the Eighth Amendment.
 
 
 10
 AFFIRMED in part; VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3